Hall, Judge,
 

 delivered tbe opinion of the Courts
 

 1 It is not questioned that the Legislature had the power to grant the charter to the Bank of Newbern. The object of this grant was tho public good, which the Legislature .had in view on the one hand, and the grantees had their
 
 *267
 
 private interest in view on the other. To Carry into ef-feet the scheme of the bank, it became necessary for the
 
 f
 
 j, , , parties to enter into arrangements tor that purpose ; and one part of the arrangement was, that debts due to the bank might be recovered in a summary way. It is said this is a violation of the second section of the bill of rights, which declares-^* That no man, or set of men, are entitled to any exclusive or separate emoluments or privileges from the community, hut in consideration of public services.” This objection will vanish when we reflect, that this privilege is not a gift, but- the consideration for it is the public good, to be derived to the citizens at large from the establishment of the bank. It is not for this Court to say whether the Legislature made a good or a bad
 
 bargain;
 
 it is sufficient to see that they contracted under legitimate powers; for over such contracts, Courts of Justice have no control. Although it is the duty of this court, when they believe a law to be unconstitutional, to declare it so, yet they will not undertake to do it in doubtful cases. Mutual tolerance and respect.for the opinions of others require the exercise of such power, .only'ih cases where it is plainly and obviously, the duty of the court to act. It is not for this court to judge of the expediency of the measure, nor to estimate its anticipated or actual benefit or injury to the community. These are considerations strictly o a legislative nature, and the competent authority lias pronounced upon them.